IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MINDY FOGEL,  Civ. No. 1:20-cv-00762-MC

    Plaintiff,  **OPINION & ORDER**

  v.

DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

    Defendant.
_____

McSHANE, District Judge.

    Plaintiff Mindy Fogel seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2.  The Complaint, ECF No. 1, fails to state a claim for relief and is DISMISSED with leave to amend.  Plaintiff shall have thirty (30) days in which to file an amended complaint.  The Court will defer ruling on the IFP petition pending submission of an amended complaint.

### LEGAL STANDARD

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a).  However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access.  To authorize a litigant to proceed IFP, a court must make two determinations.  First, a court must determine whether the litigant is unable to pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

**DISCUSSION**

Plaintiff Mindy Fogel brings this action against the Department of Health and Human Services.[1] The Complaint contains no details about Plaintiff's claim, beyond the allegation of "HIPPA violation to my PHI." Compl. 3, 4. Plaintiff has attached an exhibit, which appears to be a confirmation notice from the Office of the Inspector General, with the handwritten note "Denials of CCO resulting in chronic nerve damage Breach of PHI Request $111,000.00." ECF No. 1-1. The following pages appear to be a print-out of Plaintiff's complaint to the Office of Civil Rights for the Department of Health and Human Services, which allege that Plaintiff's "Private Health Records were involved in a cyber leak, resulting in a denial of benefits on my ssi and ssdi claim," occurring on June 19, 2019. There are no other details about Plaintiff's claim or the facts giving rise to it.

A plaintiff may only bring suit if Congress has provided a private right of action by which an individual may seek to enforce statutory provisions. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). "The ability to bring a private right of action may be authorized by the explicit statutory text or, in some instances, may be implied from the statutory text." *Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 929 (9th Cir. 2010).

In this case, Plaintiff appears to bring her claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). However, "HIPAA itself provides no private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081-82 (9th Cir. 2007); *see also Wallace v. Washington Cnty. Jail*, Case No. 3:18-cv-1975-SI, 2019 WL 2583487, at *3 (D.

---

[1] The case caption identifies the defendant as the Department of Health and Human Services, which is a federal executive department, but from the body of the Complaint, including the address listed for the defendant, it appears that Plaintiff intended to name the Oregon Department of Human Services, a state agency, as the defendant. If Plaintiff chooses to file an amended complaint, she should clarify which agency is the defendant.

Or. June 24, 2019) ("No express or private right of action exists under HIPAA."). To the extent Plaintiff seeks to maintain her claims directly under HIPAA, the claim must be DISMISSED.

More generally, Plaintiff's Complaint lacks sufficient factual detail for the Court to understand Plaintiff's claim or claims and so must be dismissed. The Court is mindful of the latitude accorded to *pro se* plaintiffs and so dismissal shall be with leave to amend. Plaintiff shall have thirty (30) days to file an amended complaint. In preparing the amended complaint, Plaintiff should clearly explain what has happened, how she was injured, and why the named defendant or defendants should be held liable for the injury. This explanation does not need to be long, but Plaintiff should bear in mind that the Court does not know anything about the facts of her case, beyond what she chooses to include in her pleadings.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in a judgment of dismissal. The Court will defer ruling on Plaintiff's IFP Petition, ECF No. 2, pending submission of an amended complaint.

It is so ORDERED and DATED this <u>13th</u> day of May, 2020.

<u>*s/Michael J. McShane*</u><br>
MICHAEL McSHANE<br>
United States District Judge